**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVE BASSE, ROBERT BASSE, J&G IRONWORKS INC., and JOSE GIRON<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civ. No. 22-03674 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

CASTNER, District Judge

**THIS MATTER** comes before the Court upon the Motion to Dismiss filed by Defendant Bank of America, N.A. ("BANA" or "Defendant") on July 14, 2022. (Br. in Supp. of Mot. to Dismiss ("Br. in Supp."), ECF No. 7.) On October 14, 2022, Plaintiffs Steve Basse, Robert Basse, J&G Ironworks Inc. ("J&G"), and Jose Giron (collectively, "Plaintiffs") opposed. (Br. in Opp'n, ECF No. 14.) Defendant replied on October 26, 2022. (Reply Br., ECF No. 15.) The Court has decided the Motion based on the written submissions and without oral argument, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.

I.  **BACKGROUND**[1]

Plaintiffs filed the initial complaint (the "Complaint") in the Superior Court of New Jersey, Mercer County on April 21, 2022. (Compl., ECF No. 1-2.) Defendant removed the case to this Court on June 9, 2022. (ECF No. 1.) Defendant is an international banking corporation incorporated in North Carolina. (Br. in Supp., Declaration of Daniel Crawford in Support of Motion to Dismiss ("Crawford Decl.") ¶ 13, ECF No. 7-4.) Plaintiffs Robert Basse, Steve Basse, and Jose Giron collectively own J&G. (Compl. ¶ 1.) All three individual Plaintiffs reside in Mercer County, New Jersey. (*Id.*) J&G is a business located in Orlando, Florida. (*Id.* at ¶ 2.) Plaintiffs entered into a subcontract to perform renovation on the Casselberry Elementary School in Casselberry, Florida. (*Id.* at ¶ 4.) Plaintiffs were paid $71,734.00 for their work and deposited a $64,560.35 check in J&G's account with Defendant, which cleared on February 28, 2022. (*Id.* at ¶¶ 8, 9.) On March 2, 2022, Defendant informed Plaintiffs that their account was closed and that their funds would be mailed back to them on March 10, 2022. (*Id.* at ¶ 9.) However, Defendant did not mail back the funds to Plaintiffs until April 26, 2022, which Plaintiffs allege caused them financial hardship. (*Id.* at ¶¶ 10-12.)

Plaintiffs assert four claims against Defendant: (1) breach of the implied covenant of good faith and fair dealing; (2) breach of fiduciary duty; (3) unjust enrichment; and (4) intentional infliction of emotional distress ("IIED"). (*Id.* at ¶¶ 14-37.) Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal

---

[1]  "[A court] reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992), *cert. denied*, 506 U.S. 817 (1992).

2

jurisdiction and under Rule 12(b)(6) for failure to state a claim. Because the Court decides this motion on jurisdictional grounds, the Court will not perform a Rule 12(b)(6) analysis.[2]

## I. LEGAL STANDARDS AND DISCUSSION

"Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant." *Dzielak v. Whirlpool Corp.*, Civ. No., 12-89, 2018 WL 6985013, at *2 (D.N.J. Dec. 21, 2018), *report and recommendation adopted*, Civ. No. 12-89, 2019 WL 145608 (D.N.J. Jan. 8, 2019). "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)).

The Court may exercise personal jurisdiction over a non-resident defendant to the extent permitted by New Jersey's long-arm statute. *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 221 (D.N.J. 2020). New Jersey's long-arm statute permits the same protections afforded by the Due Process Clause under the Fourteenth Amendment of the United States Constitution. *Miller Yacht*

---

[2] The Court also highlights that the underlying Deposit Agreement between J&G and Defendant contains what appears to be a forum-selection clause. (Crawford Decl., Ex. 1 ("Deposit Agreement and Disclosures") 41, ECF No. 7-5.) The relevant provision states: "[a]ny action or proceeding regarding your account or this deposit agreement must be brought in the state in which the financial center that maintains your account is located", which in this case would be Florida. (Crawford Decl. ¶ 9.) A Court may *sua sponte* dismiss a case pursuant to a forum selection clause. *See MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 848 (3d Cir. 2003) (finding that the district court could dismiss a case *sua sponte* due to a forum selection clause, but the clause only applied to the corporate defendant and not the individual defendants). The account was registered to J&G, so following *MoneyGram*, the Court is permitted to dismiss J&G's claims for failure to abide by the forum selection clause. 65 F. App'x 848. Nonetheless, the Court will still analyze the jurisdictional issues raised in Defendant's motion.

*Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)). Therefore, the Court may exercise personal jurisdiction so long as Defendant maintains "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Henry Heide, Inc. v. WRH Prods. Co., Inc.,* 766 F.2d 105, 108 (3d Cir. 1985) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

To withstand a motion to dismiss under Rule 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97. Still, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" to support jurisdiction. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). And the Plaintiff must establish these "juridictional facts through sworn affidavits or other competent evidence . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Miller Yacht Sales*, 384 F.3d at 101 n.6 (internal citation and internal quotation marks omitted). Indeed, the plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). If the plaintiff meets this burden, the burden shifts to the defendant,

4

who must make a compelling case that the exercise of jurisdiction would be unreasonable. *Mellon Bank*, 960 F.2d at 1226 (internal citations omitted).

### A. General Personal Jurisdiction

"Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009)). With regard to general jurisdiction, the Supreme Court has noted that such jurisdiction typically arises only when a corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Malik v. Cabot Oil & Gas Corp.*, 710 Fed. Appx. 561, 563 (3d Cir. 2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2013)). For a corporation, "the place of incorporation and principal place of business" are where it is 'at home' and are, therefore, the paradigm bases for general jurisdiction." *Id.* (citing *Daimler*, 571 U.S. at. at 137). "In exceptional cases a corporation's operations in a different forum may be so substantial and of such a nature as to render the corporation at home in that State." *Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 Fed. Appx. 119, 120 (3d Cir. 2017) (citing *Daimler*, 571 U.S. at 136 n.19)). Consequently, it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business." *Malik*, 710 Fed. Appx at 564.; *see also Fischer v. Federal Express Corp.*, 42 F.4th 366, 383 (3d Cir. 2022), *cert. denied* Civ. No. 22-396 WL 2357330 (Mar. 6, 2023) (holding that appellants could not establish general personal jurisdiction over FedEx in Pennsylvania because general jurisdiction is generally restricted to the corporation's state of incorporation or the state of its principal place of business and FedEx is incorporated in Delaware and has a principal place of business in Tennessee).

Plaintiffs assert that this Court has jurisdiction over Defendant because Defendant "is a bank that has branches throughout the United States and is also headquartered within the State of

New Jersey." (Br. in Opp'n 6.) Plaintiffs, however, provide no citation or support for this assertion. (*Id.*) Defendant asserts that maintaining branches in the forum state alone is not enough for purposes of general jurisdiction. (Reply Br. 3-5.). In support of its motion, Defendant cites the United States Supreme Court's decision in *Daimler* as well as a number of cases outside of this district in which courts have held that Defendant was not subject to personal jurisdiction in the forum because of the branches maintained in that state. *See, e.g., Baltazar v. Houslanger & Associates, PLLC*, Civ. No. 16-4982, 2018 WL 3941943 (E.D.N.Y. Aug. 16, 2018) (finding that New York courts could not exercise general jurisdiction over [Bank of America] even though it conducted business and maintained branches in the state); *Namer v. Bank of America, N.A.*, Civ. No. 15-3130, 2016 WL 1089352 (E.D. La. Mar. 21, 2016) (granting motion to dismiss on the basis of personal jurisdiction for claims against [Bank of America] in Louisiana, finding that even engaging in "substantial, continuous, and systematic course of business" in the state would not give rise to general jurisdiction); *Estate of Winnig v. Bank of America, N.A.*, Civ. No. 18-816, 2019 WL 1676012 (E.D. Wis. 2019) (filing numerous lawsuits in Wisconsin did not subject [Bank of America] to general jurisdiction in the state).

Plaintiffs' sole assertion that this Court has personal jurisdiction over Defendant based on Defendant maintaining branches here in New Jersey is insufficient under *Daimler*. Further, Plaintiffs' allegation that Defendant is headquartered in New Jersey is not supported by any affidavits or actual proof to meet their burden.[3] Indeed, Defendant submitted an affidavit to the contrary establishing that Defendant headquarters are located in Charlotte, North Carolina.

---

[3]    Plaintiffs assert that "Defendants have a headquarters within the State of New Jersey", but also state that Defendant "is headquartered in South Carolina." (Br. in Opp'n 7.) Plaintiffs also assert that Defendant is "also are incorporated within the State of New Jersey." *Id.* However, Plaintiff provides no citation or authority for such assertions.

(Crawford Decl. ¶ 13.)  Based on the record before the Court, Plaintiffs have not set forth any factual allegations that would establish a prima facie case that Defendant has contacts with New Jersey that are so continuous and systematic that this is one of those "exceptional cases" where Defendant is essentially at home in New Jersey.  Defendant is neither incorporated in New Jersey nor is Defendant's principal place of business in New Jersey.  (Crawford Decl. ¶ 13.)  Defendant asserts they are incorporated in North Carolina and that their principal place of business is also in North Carolina.  (*Id.*)  Therefore, the Court cannot assert general personal jurisdiction over Defendant in this case.

### B.  Specific Personal Jurisdiction

"Specific jurisdiction over a defendant exists when that defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation omitted)).  "This purposeful availment requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts . . . ." *Burger King*, 471 U.S. at 475 (internal citations and quotations omitted).  To add, "[a] specific jurisdiction analysis is claim-specific." *Vectra Visual, Inc. v. Hoving*, Civ. No. 21-03296, 2021 WL 4520339, at *5 (D.N.J. Oct. 4, 2021) (citing *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001)).

For a court to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. *Walden v. Fiore,* 571 U.S. 277, 284 (2014).  The Third Circuit has established a three-part test for determining when a court can assert specific jurisdiction over a corporate defendant. *See O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 315 (3d Cir. 2007).  First, a defendant must purposefully direct its activities at the

forum. *Id.* at 317. "Physical entrance is not required to satisfy the first prong." *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 80 (3d Cir. 2015). Second, the claim must arise out of or relate to at least one of the activities mentioned under the first factor. *Id.* "In evaluating the relatedness requirement with regard to a contract claim, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." *Maximum Quality Foods, Inc. v. Joseph DiMaria*, Civ. No. 14-6546, 2015 WL 1865754, at *7 (D.N.J. Apr. 20, 2015). "[M]ail and wire communications can constitute purposeful contacts when sent into the forum." *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. at 476).

"And, third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *See O'Connor*, 496 F.3d at 315 (internal citation omitted). "The Supreme Court has indicated that lower courts addressing the fairness question may consider the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Miller Yacht Sales*, 384 F.3d at 97 (citing *Burger King*, 471 U.S. at 477).

When an intentional tort is alleged, the Court must apply "a slightly refined version of [the *O'Connor* test]" known as the *Calder* effects test. *O'Connor*, 496 F.3d at 317 n.2 (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Under the *Calder* effects test, Plaintiff must show that (1) Defendant committed an intentional tort; (2) Plaintiff felt the brunt of the harm in New Jersey; and (3) Defendant intentionally aimed their alleged tortious conduct at New Jersey making New Jersey the focal point of the tortious activity. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).

As mentioned above, Plaintiffs assert four claims against Defendant: (1) breach of the implied covenant of good faith and fair dealing; (2) breach of fiduciary duty; (3) unjust enrichment; and (4) IIED. (Compl. ¶¶ 14-37.) The Court will evaluate each claim under the appropriate test in turn.[4]

### 1. *Unjust Enrichment*

The Court will apply the *O'Connor* test to the unjust enrichment claim. *Miller v. Adler,* Civ. No. 17-7149, 2018 WL 3201791, at *3 (D.N.J. June 29, 2018) (noting that a claim for unjust enrichment is subject to the traditional specific jurisdiction test). As mentioned above, Defendant purposefully directs its activities at the forum because it "routinely operates and does business" in New Jersey. (Compl. ¶ 3.) However, Plaintiffs fail to allege how Defendant's contacts with New Jersey are related to the unjust enrichment claim. Plaintiffs claim that Defendant was unjustly enriched because Defendant withheld funds rightfully belonging to Plaintiffs pursuant to the Deposit Agreement. (Compl. ¶ 26.) However, the funds were allegedly withheld from a Florida based account. As a result, the underlying alleged wrongful act of withholding funds appears to have occurred in Florida. Again, Plaintiffs fail to allege any facts indicating that Defendant's contacts with New Jersey played a role in J&G entering the Deposit Agreement with Defendant. *Maximum Quality*, 2015 WL 1865754 at 7. As such, the Court does not have specific jurisdiction over the unjust enrichment claim. Because Plaintiffs fail to make a threshold showing of sufficient minimum contacts to warrant jurisdiction over Defendant regarding the unjust enrichment claim, the Court does not need to address the third prong under *O'Connor*.

---

[4] As noted above, the Court must evaluate each claim individually to determine whether the Court has personal jurisdiction. *See Remick,* 238 F.3d at 255.

### 2. *Breach of Fiduciary Duty and Breach of Implied Covenant Good Faith and Fair Dealing*

With respect to Plaintiff's breach of fiduciary duty and breach of implied covenant of good faith and fair dealing, the Court must first determine whether the *O'Connor* or *Calder* test applies. The Court looks to Florida law for guidance as Florida law governs the underlying agreement between J&G and Defendant. (*See* Deposit Agreement and Disclosures 6.) Under Florida law, a breach of a fiduciary duty is actionable as a tort. *See Doe v. Evans*, 814 So. 2d 370, 376 (Fla. 2002) (stating that breach of fiduciary duty claims are governed by neutral tort law in a religious context); *Gracey v. Eaker*, 837 So. 2d 348, 352 (Fla. 2002) (finding that breach of fiduciary duty was an actionable tort in a medical context); *Halkey-Roberts Corp. v. Mackal*, 641 So. 2d 445, 447 (Fla. Dist. Ct. App. 1994) (stating breach of fiduciary duty is an intentional tort). Additionally, because the conduct that makes up the core of the breach of the implied covenant of good faith and fair dealing claim is nearly identical to the breach of fiduciary duty claim, the claims cannot be disaggregated so the Court will consider them together.[5] *Newman v. N. Carolina Ins. Underwriting Ass'n / N. Carolina Joint Underwriting Ass'n*, Civ. No. 20-1464, 2020 WL 6689756, at *7 (D.N.J. Nov. 13, 2020) (evaluating the claim for a breach of the implied covenant of good faith and fair dealing with a claim for a tort because the claims could not be disaggregated).

Plaintiffs do not provide sufficient factual allegations for the Court to find that Plaintiffs felt the brunt of the harm in New Jersey. Plaintiffs' allegations that they had to turn down other projects and that their employees had to accept late payroll appear to have occurred in Florida as

---

[5] While the implied covenant of good faith and fair dealing typically arises in a contractual setting, Plaintiffs allegations under this claim are similar in nature to a tort claim. Specifically, Plaintiffs allege Defendant had an affirmative duty, Defendant deliberately and knowing acted deceptively and fraudulently, Plaintiffs relied on Defendant's misrepresentations, Defendant caused Plaintiffs harm, and Plaintiffs actually suffered harm as a result. (Compl. ¶¶ 15-18.)

J&G is domiciled in Florida. However, Plaintiffs allege that Robert Basse, Steven Basse, and Jose Giron suffered harm here as New Jersey residents.

Regardless of where the brunt of the harm was felt, the Court does not have specific jurisdiction over Plaintiffs' claims because Plaintiffs fail to allege how Defendant intentionally directed their alleged wrongful conduct at New Jersey. The facts suggest Plaintiffs deposited a check with Defendant in Florida (Compl. Exhibit C); (2) Defendant withheld the funds deposited by Plaintiffs in the Florida account (*id.* at ¶¶ 8, 26); (3) Defendant wrongfully closed Plaintiffs' account in Florida (*id.* at ¶ 9); and (4) Defendant advised Plaintiffs that the account would be closed by way of a letter addressed to J&G's Florida address and sent from Defendant's Delaware address (Ex. D, ECF No. 7-3). The account was allegedly domiciled in Florida at all times during the account's lifespan with Defendant. (Crawford Decl. ¶ 9.) Plaintiffs fail to allege any allegation that Defendant intentionally directed their conduct at New Jersey. Therefore, the Court does not have specific jurisdiction over these claims.[6]

### 3. Alleged Intentional Infliction of Emotional Distress

Here, applying the *Calder* effects test, the Court does not have specific jurisdiction over the IIED claim. Plaintiff Robert Basse, a citizen of New Jersey, alleges that he has "endured extreme levels of stress, even going as far as causing him cardiac issues. (Compl ¶¶ 1,13.) Even assuming that Plaintiff Robert Basse felt the brunt of the alleged wrongdoing in New Jersey, which Plaintiff does not allege, Plaintiff again fails to allege any facts that Defendant intentionally

---

[6] *Arguendo*, even if the Court applied the *O'Connor* test, the Court's view that it lacks specific jurisdiction over the breach of fiduciary duty claim or the breach of the implied covenant of good faith and fair dealing does not change. Again, while Defendant does conduct business in New Jersey, Plaintiffs fail to show how Defendant's contacts with New Jersey are related to these claims. (Compl. ¶ 3.). Therefore, Plaintiffs fail to satisfy the *O'Connor* test as well.

directed the alleged wrongdoing at New Jersey. As a result, the Court does not have specific personal jurisdiction over the IIED claim.

In sum, the Court lacks personal jurisdiction over all four claims within the Complaint.

### C. Personal Jurisdiction Through Defendant Being Served in New Jersey or Through Consent

Plaintiffs further contend that the Court has jurisdiction over Defendant pursuant to New Jersey Court Rule § 4:4-4 because Defendant was served in New Jersey and is registered to do business in New Jersey. *See* New Jersey Court Rule § 4:4-4.

Pursuant to Third Circuit precedent, a court may find that it has jurisdiction over a corporation by way of the corporation registering to conduct business in a state, but "[t]he answer depends on whether the text of the state's registration statute constitutes express consent to jurisdiction." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 174 (D.N.J. 2016) (citing *Bane v. Netlink, Inc.*, 925 F.2d 637 (3d Cir. 1991)). In *Bane*, the Third Circuit reversed the District Court's dismissal for lack of personal jurisdiction because the Court did not evaluate whether jurisdiction existed through consent under state statute. *Bane*, 925 F.2d at 641. Additionally, the relevant state statute in *Bane* explicitly stated that registering to do business in Pennsylvania resulted in consent to general personal jurisdiction. *Id.* The relevant Pennsylvania statute at the time[7] stated

---

[7] The Court notes that 42 Pa. Cons. Stat. Ann. § 5301 was recently held to be unconstitutional in *Mallory v. Norfolk S. Ry. Co.* 266 A.3d 542, 571 (Pa. 2021), *cert. granted*, 212 L. Ed. 2d 605, 142 S. Ct. 2646 (2022). The Pennsylvania Supreme Court found that § 5301 coerced foreign corporations into consenting to general jurisdiction in Pennsylvania in contravention of the United States Constitution. *Mallory v. Norfolk S. Ry. Co.* 266 A.3d 571. The Court further stated that:

> consent by registration requires the foreign corporation to consent to general jurisdiction over all claims filed by any plaintiff against the foreign corporation in the forum State, thereby relinquishing its due process liberty right to be free from suits in a forum within which it has no meaningful contacts, in exchange for the

> (a) General rule. —The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction **to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person** ...:
>
> . . . . .
>
> (2) Corporations. —
> (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
> (ii) Consent, to the extent authorized by the consent.
> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa. Cons. Stat. Ann. § 5301 (emphasis added). Because the defendant was "qualified" to do business in Pennsylvania, which explicitly allowed Pennsylvania courts to "exercise general personal jurisdiction" over them, the Third Circuit found that they were subject to personal jurisdiction in Pennsylvania under 42 Pa. Cons. Stat. Ann. § 5301 (a)(2)(i) or (ii). *See generally Bane,* 925 F.2d 63.

Here, N.J. Stat. Ann. § 14A:4-1 and § 14A:13-3 govern corporate registration in New Jersey. Specifically, N.J. Stat. Ann. § 14A:4-1 mandates that every corporation transacting business in New Jersey have a registered office and agent. To add, pursuant to N.J. Stat. Ann. § 14A:13-3(a), "[n]o foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority so to do from the Secretary of State." N.J. Stat. Ann. § 14A:13-3(1). Additionally, New Jersey Court Rule § 4:4-4 states

> [t]he primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State....

---

> privilege of conducting business in the forum state. *Daimler* expressly prohibits such broad exercise of general jurisdiction.

*Id.* at 570. The United States Supreme Court held oral argument in this case on November 8, 2022, but the decision has yet to be published.

> (6) Upon a corporation, by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

N.J. Ct. R. § 4:4-4 *et seq.* After *Bane*, this District has applied two varying interpretations of these statutes. One line of cases finds that a company consents to jurisdiction when they register to do business in New Jersey and appoint a service of process agent. *See, e.g.*, *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456 (D.N.J. 2015) (following *Bane* and finding that defendant "consented to the Court's jurisdiction by registering to do business in New Jersey, by appointing an in-state agent for service of process in New Jersey, and by actually engaging in a substantial amount of business in this State."). The second line of cases have distinguished New Jersey's statutes from the Pennsylvania statute in *Bane* and find that "the New Jersey statutory scheme does not permit jurisdiction by consent by virtue of registration to do business here or actually doing business here." *See e.g.*, *Display Works*, 182 F. Supp. 3d 175 (finding that the relevant statutes' texts cannot be interpreted to constitute consent to jurisdiction); *McClung v. 3M Co.*, Civ. No. 2:16-2301, 2018 WL 4522076, at *5 (D.N.J. July 6, 2018), *report and recommendation adopted as modified*, 2019 WL 4668053 (D.N.J. Sept. 25, 2019) (following *Display Works*' in finding that "mere registration of a business does not amount to consent to general jurisdiction.").

The Court hereby adopts the approach taken by *Display Works*. Unlike 42 Pa. Cons. Stat. Ann. § 5301, neither N.J. Stat. Ann. § 14A:4-1, N.J. Stat. Ann. § 14A:13-3, nor N.J. Ct. R. § 4:4-4 *et seq.* explicitly provide that registering to conduct business in New Jersey constitutes express

14

consent to general or specific jurisdiction. *Display Works*, 182 F. Supp. 3d 166. Second, if the Court were to follow *Otsuka* and hold that business registration alone is sufficient to confer jurisdiction, then "*Daimler's* limitation on the exercise of general jurisdiction to those situations where 'the corporation is essential[ly] at home' would be replaced by a single sweeping rule: registration equals general jurisdiction." *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 469 (D.N.J. 2021) (citing *Display Works*, 182 F. Supp. 3d at 179); P*attanayak v. Mastercard, Inc.*, Civ. No. 2012640, 2021 WL 960856, at *4 (D.N.J. Mar. 12, 2021) (citing *Kim*, 513 F. Supp. 3d at 469); *see also Ferguson v. Aon Risk Servs. Companies, Inc.*, Civ. No. 199303, 2020 WL 914702, at *5 (D.N.J. Feb. 26, 2020) (citing *Display Works*, 182 F. Supp. 3d at 179); *see also Boswell v. Cable Servs. Co., Inc.*, Civ. No. 16-4498, 2017 WL 2815077, at *5 (D.N.J. June 29, 2017) (citing *Display Works*, 182 F. Supp. 3d at 179). As such, the Court does not find that Defendant consented to personal jurisdiction in New Jersey by registering to do business here.

The Court also notes that Defendant is not just a registered foreign corporation in New Jersey, but they are a registered foreign corporation who also operates numerous branches within the state. (Compl. ¶ 3); (Crawford Decl. ¶ 13.) However, "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 571 U.S. at 139. The conduct complained of in this case has nothing to do with Defendant's New Jersey based locations. (*See generally* Compl.) Therefore, the fact that Defendant operates numerous locations within New Jersey is not dispositive of the Court's inquiry without a nexus between the alleged wrongful conduct and Defendant's contacts with New Jersey. *Horowitz v. AT&T Inc.*, Civ. No. 17-4827, 2018 WL 1942525, at *13 (D.N.J. Apr. 25, 2018) (following *Display Works* even though the defendant had "several places of business located throughout the state of New Jersey, maintain[ed] systematic and continuous activity such that it [wa]s at home in New Jersey, and employ[ed] many

people in the state of New Jersey" as the defendant can only be considered at home in a forum outside their place of incorporation or principal place of business in rare situations). As discussed in *Display Works*, "[w]ere the Court to infer general jurisdiction into the otherwise ambiguous Rule, it would potentially raise serious constitutional issues because such an inference would be inconsistent with 'traditional notions of fair play and substantial justice." *Display Works, LLC*, 182 F. Supp. 3d at 176 (citing *Int'l Shoe Co.*, 326 U.S. at 316). For these reasons, the Court grants Defendant's Motion to Dismiss for lack of personal jurisdiction.

### D. Jurisdictional Discovery

Finally, Plaintiffs argue that they are entitled to jurisdictional discovery. "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted) (allowing jurisdictional discovery to determine if Defendant's purchases, sales, and marketing are sufficient to establish personal jurisdiction). "[J]urisdictional discovery is appropriate when the existing record is 'inadequate' to support personal jurisdiction and 'a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Flower v. Techtronic Indus. Co.*, Civ. No 09-2736, 2011 WL 3667512, at *2 (D.N.J. Aug. 22, 2011) (internal citation and quotations omitted). This District has permitted jurisdictional discovery in circumstances where "facts remain in dispute." *Flagship Interval Owner's Ass'n, Inc. v. Philadelphia Furniture Mfg. Co.*, Civ. No. 09-1173, 2010 WL 1135736, at *2 (D.N.J. Mar. 22, 2010). Jurisdictional discovery has also been permitted when it is critical to the determination of whether a court may exercise personal jurisdiction. *W. Afr. Trading & Shipping Co. v. London Int'l Grp.*, 968 F. Supp. 996, 1001 (D.N.J. 1997). Ultimately, "[a]lthough the plaintiff bears the

burden of demonstrating facts that support personal jurisdiction, [] courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Toys "R" Us*, 318 F.3d 456 (citation omitted). However, "[j]urisdictional discovery is not available merely because the plaintiff requests it." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n. 38 (3d Cir. 2015)

Here, Plaintiffs fail to allege "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *Id.* Regarding general jurisdiction, as mentioned above, it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business." *Malik*, 710 Fed. Appx at 564. Plaintiffs fail to allege any allegation that suggest this Court may exercise general jurisdiction over Defendant. "[Defendant] is publicly traded corporation, and if most of its overall activities occurred in New [Jersey] then the [Plaintiffs] should have been able by now to use publicly available information to make at least a prima facie demonstration to that effect." *Jackson v. Bank of Am., N.A.*, Civ. No. 16-787, 2018 WL 2381888, at *5 (W.D.N.Y. May 25, 2018). Regarding specific jurisdiction, Plaintiffs fail to make any allegations which show that Plaintiffs alleged injuries were caused by Defendant's activities within New Jersey. *See Miller Yacht Sales*, 384 F.3d at 96. Therefore, following *Toys "R" Us,* Plaintiffs fail to meet their "required threshold showing" that they are entitled to jurisdictional discovery. 318 F.3d at 456.

## II. CONCLUSION

For the reasons set forth above, and for good cause shown, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. An appropriate Order will follow.

Dated: March 29, 2023

GEORGETTE CASTNER
United States District Judge